Tomás Carro, promovente, *v.* Sergio Cuevas Bustamante, en su carácter de Comisionado del Interior de Puerto Rico, et al., demandados.

Núm. 31.—*Sometido:* Noviembre 18, 1943. *Resuelto:* Noviembre 29, 1943.

*Celestino Iriarte, F. Fernández Cuyar y H. González Blanes,* abogados del promovente; *Hon. Procurador General Interino M. Rodríguez Ramos y Fernando B. Fornaris, Procurador General Auxiliar,* abogados de los demandados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El peticionario solicita expidamos un auto de *injunction,* en auxilio de nuestra jurisdicción apelativa, prohibiendo a los demandados y a sus subalternos continuar las obras de construcción del puente sobre el Río Grande de Añasco "por cuenta del peticionario y sin previa liquidación de la obra hecha y materiales acopiados por el contratista" (el peticionario) y sin que se extienda dicha prohibición a que se continúen las obras por cuenta del Gobierno de Puerto Rico. En síntesis alega el peticionario que en julio de 1940 otorgó

un contrato con el Pueblo de Puerto Rico representado por el Comisionado del Interior para la construcción del puente mencionado a un costo de $197,362.25; que prestó las fianzas requeridas; que debido a dificultades surgidas con el Comisionado del Interior, que detalla y califica de violaciones al contrato, el peticionario le informó oficialmente el 22 de diciembre de 1942 que había paralizado las obras; que el Comisionado le requirió para que las continuara en un plazo de cinco días y vencido el mismo el Comisionado procedió a hacerse cargo de las obras y a continuarlas por cuenta del peticionario, incautándose de todos los materiales y la propiedad almacenados en el sitio de la obra y procediendo unilateralmente a nombrar, emplear y pagar, con cargo al peticionario, un número injustificado de empleados y a hacer otros gastos arbitrarios y abusivos, no sólo en dichas obras, sino en otras de un contrato adyacente, cargando el costo al peticionario; que el Comisionado se ha negado a realizar una liquidación de dichas propiedades y de la obra ya hecha para poder determinar luego qué parte de la obra había hecho el peticionario y cuál el Comisionado, así como cuánto dinero había de gastarse legítimamente en la continuación de las obras por cuenta del peticionario y sus fiadores. Alegó el peticionario que, a base de que dichas actuaciones del Comisionado son ilegales, arbitrarias e inequitativas, en violación de la ley y del contrato, y que de no impedirse al Comisionado llevar a cabo sus amenazas sufriría el peticionario daños y perjuicios, por distintos motivos que detalla, radicó en la Corte de Distrito de San Juan una solicitud jurada de injunction "no con el objeto de impedir que se continuaran las obras . . . sino que se . . . continuaran . . . . por cuenta del Contratista y sin previa liquidación de dichas obras y materiales. . . ."; que contestada la petición y celebrada la vista la corte inferior dictó resolución en octubre 25, 1943, declarando sin lugar la solicitud de injunction preliminar y anuló la orden de entredicho que había dictado;

que el Contratista apeló de dicha resolución para ante esta Corte Suprema y es en auxilio de nuestra jurisdicción apelativa que ha radicado la presente petición alegando que las cuestiones de derecho envueltas en el litigio así lo justifican y expone que toda la controversia gira alrededor del derecho que el Comisionado del Interior alega tener y que el peticionario le niega, a actuar haciendo uso de las facultades extraordinarias y drásticas que le concede la cláusula 7 del contrato otorgado por las partes, la cual cláusula sostiene el peticionario es nula y *ultra vires,* ya que las condiciones que deben contener los contratos de obras públicas insulares están fijadas por ley y que, de estimarse válida dicha cláusula, la misma no es de aplicación a este caso por varias razones que expone.

Expedimos una orden dirigida a los demandados para que comparecieran a mostrar causa por la cual no debe expedirse el auto solicitado. El día señalado para la vista los demandados radicaron su contestación, en la que negaron los hechos esenciales de la petición, y las partes procedieron a argumentar el caso.

Debido a las afirmaciones contenidas en la contestación, a la forma en que se desarrolló la argumentación y a las admisiones de los abogados como consecuencia de determinadas preguntas formuladas por los jueces, las partes convinieron en tratar de llegar a un acuerdo y firmar y someter al Tribunal una estipulación que redactaría el peticionario y que serviría de base para dictar la orden de injunction solicitada y en caso de que los demandados no estuvieran de acuerdo con los términos de la estipulación, radicarían sus objeciones a la misma. Esto último es lo que ha sucedido.

Tenemos a la vista la estipulación preparada por el abogado del peticionario y las objeciones radicadas por los de los demandados. A decir verdad, los puntos de divergencia son triviales. Parece que el uso de la palabra "liquidación" por el peticionario fué el obstáculo, infranqueable, para que

los demandados firmaran la estipulación a pesar de que éstos aceptan que se haga "una medida y cubicación y valuación (*appraisal*)" de la obra ejecutada e inventario de materiales acopiados por el contratista. Expresamente admitió el peticionario en la vista oral que al usar la palabra "liquidación" no pretendía que se le pagara ahora por la obra realizada o por los materiales acopiados, pero insistió en que sí tenía derecho a saber el valor de una y otra cosa. En cuanto a este punto no comprendemos la actitud de los demandados y la aplicación restrictiva que pretenden darle a la palabra "valuación" (appraisal). En el primer párrafo de su pliego de objeciones expresan que están conformes en proceder, de común acuerdo con el peticionario, a practicar "una medida y cubicación y valuación (*appraisal*)" de la obra ejecutada pero sólo aceptan hacer un "inventario de los materiales acopiados". En la contestación hicieron constar que nunca se han negado a suministrar al peticionario "un estimado de obra construída y material acopiado al pie de la misma", y en la vista oral su abogado aceptó que estaban dispuestos a realizar la valoración pero no a realizar pago alguno ahora. Somos de opinión que, de acuerdo con los hechos alegados en la petición, las admisiones contenidas en la contestación y las cuestiones legales envueltas en este caso, el peticionario **tiene derecho a** saber tanto el valor de la obra realizada por él como el valor de los materiales acopiados en relación con el contrato, antes de que los demandados continúen las obras por cuenta del peticionario.

Las partes también han convenido, con ligeras divergencias, en que el peticionario tendrá derecho a nombrar un representante para observar (no investigar) la forma en que se llevará a cabo la terminación de las obras por los demandados y a que el peticionario notifique al Comisionado del Interior cuando no estuviere de acuerdo con algún gasto o con alguna actuación de las personas encargadas de terminar las obras. Asimismo los demandados están dispuestos a

entregar al representante del contratista copia de las facturas de compra de materiales y copia de cada nómina de jornales.

Bajo las circunstancias concurrentes y la importancia de las cuestiones legales envueltas en la apelación del caso principal, procede, por tanto, declarar con lugar la petición en este caso y expedir un auto de injunction en auxilio de nuestra jurisdicción apelativa, dirigido contra los demandados para que, mientras se sustancia y hasta tanto se resuelva por esta Corte Suprema el recurso de apelación interpuesto en el caso núm. 42,647 de la Corte de Distrito de San Juan, de Tomás Carro v. Sergio Cuevas Bustamante, et al., demandados, sobre injunction, se abstengan por sí o por medio de sus agentes, empleados o subalternos o por medio de persona otra alguna, de continuar las obras de construcción· del puente sobre el Río Grande de Añasco por cuenta del peticionario Tomás Carro, a menos que dichos demandados cumplan con las siguientes condiciones:

1. Los demandados y el peticionario procederán, de mutuo acuerdo, dentro del plazo de cinco días, a realizar un estimado de la obra construída y de los materiales acopiados por el peticionario hasta el momento en que los demandados se hicieron cargo de la obra, debiendo incluirse en dicho estimado la medida, cubicación y valuación de la obra y materiales de acuerdo con los términos del contrato y los planos del proyecto, y asimismo la cubicación y valoración de la tierra colocada en los terraplenes por el peticionario siguiéndose el procedimiento técnico usual, debiendo tomarse estos datos en presencia del peticionario o su representante; y

2. El peticionario Tomás Carro tendrá derecho a nombrar un representante para observar la forma en que continuarán las obras los demandados, quien tendrá derecho a permanecer todo el tiempo que sea necesario en la obra mientras se estén realizando trabajos en ella y podrá infor-

mar por escrito al Comisionado del Interior sobre cualquier actuación de las personas encargadas de terminar las obras, o sobre algún gasto, con los cuales no estuviere de acuerdo;

3. Los demandados entregarán al representante del peticionario, inmediatamente después de cada compra de materiales, copia de las facturas, y además le entregarán copia de cada nómina de jornales.

El peticionario prestará una fianza por la suma de $1,000 para responder de los daños y perjuicios que los demandados puedan sufrir si en definitiva el caso fuere resuelto en contra del peticionario.

*El Secretario expedirá el auto de injunction correspondiente sujeto a las condiciones expuestas.*